UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL I. GUIDRY, KATHY G. THOMPSON AND JAMIE D. FRAZIER ON BEHALF OF HIS MOTHER, JUNE G. FRAZIER, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF EARLY JOSEPH GUIDRY<br><br>Plaintiff<br><br>VERSUS<br><br>STRYKER CORPORATION<br><br>Defendant | CIVIL ACTION NO. _____<br><br>SECTION: _____<br><br>JUDGE: _____<br><br>MAG. JUDGE: _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>NOTICE OF REMOVAL</u>**

NOW INTO COURT, through undersigned counsel, comes defendant Stryker Corporation ("Stryker") who, pursuant to 28 U.S.C. §§ 1332 and 1446, notices the removal of the above action, No. 2022-13613 on the docket of Division "E" of the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana (the "State Case"), where it is currently pending, to the United States District Court for the Eastern District of Louisiana.

1.

On August 11, 2022, Paul I. Guidry, Kathy G. Thompson, and Jamie D. Frazier (on behalf of his mother June G. Frazier) ("Plaintiffs") filed a Petition for Damages ("Petition") against Stryker, the only named and properly served defendant, in a civil suit in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, titled "Paul I. Guidry, et al vs. Stryker

Corporation" and assigned Docket No. 2022-13613 (Division "E"). A copy of all process, pleadings, and orders issued in state court is attached as Exhibit "A" to this Notice of Removal.

2.

Plaintiffs' Petition for Damages (1) seeks recovery on behalf of Early Joseph Guidry ("Decedent Guidry") for alleged injuries sustained and wrongful death, and (2) individually as Decedent Guidry's survivors.

3.

Plaintiffs allege that on September 2, 2021, Decedent Guidry suffered "serious injuries" upon being transported to Lakeview Regional Medical Center ("Lakeview") by the St. Tammany Parish Fire District No. 4 ("STPFD#4") in an ambulance equipped with a Power-Pro XT cot due to the negligence of Stryker. Plaintiffs allege that the Power-Pro XT cot failed to perform and/or malfunctioned and fell over, which allegedly caused Decedent Guidry, confined to the cot, "severe personal injuries," resulting in his wrongful death on September 3, 2021.[1] Specifically, Plaintiffs allege that "the safety bar passed over the safety hook allowing the cot load wheels to unexpectedly travel beyond the box threshold before the transport wheels contacted the ground, causing the cot and the victim, Early Guidry, to tip over."[2] Plaintiffs claim Stryker's alleged fault and negligence is the cause of the incident that caused Decedent Guidry's "severe personal injuries" and death.

4.

Plaintiffs allege that recovery is proper under (1) La. Rev. Stat. § 9:2800.51-2800.59 (The Louisiana Products Liability Act ("LPLA")), specifically alleging that (a) the Power-Pro XT's cot

---

[1] *See generally* Ex. A, Pet.; ¶ 2-5.
[2] *Id.*

was defectively designed, (b) Stryker failed to warn users and consumers of the proper use of the Power-Pro XT cot; and (2) pursuant to La. Civ. Code art. 2315 for negligence.

5.

Discussed in depth below, this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a) as this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

7.

At the time of this filing, Stryker is the only defendant who has been properly named and served in this matter. Accordingly, all properly joined and served defendants consent to the instant removal, as required by 28 U.S.C. § 1446(b)(2)(A).

8.

Stryker, the only named defendant, received service of process of the Petition on **August 29, 2022** by certified mail.[3] Thus, this Notice of Removal of this case to this Court is timely filed in accordance with 28 U.S.C. §§ 1441 and 1446, because it has been filed within no more than thirty (30) days of service of the initial pleading setting forth the Plaintiff's claim for relief.

---

[3] Ex. A; Affidavit of Service.

I. **Removal is proper because complete diversity of citizenship exists between the Plaintiffs and Defendant.**

9.

A civil action is removable pursuant to diversity jurisdiction if there is complete diversity between the parties and none of "the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[4]

10.

Plaintiffs allege within their Petition that each claimant is an individual of the full age of majority residing and domiciled in the State of Louisiana. Accordingly, Plaintiffs are citizens of the State of Louisiana for diversity purposes.

11.

Stryker is presently and at the time the State Case was filed a foreign corporation incorporated in the State of Michigan with its principal place of business in Kalamazoo, Michigan. Stryker is a citizen of the state of Michigan for diversity purposes.[5]

12.

Complete diversity exists between Plaintiffs and the sole Defendant, Stryker, and this Court has original subject matter jurisdiction over this matter.

---

[4] 28 U.S.C. § 1332(a).
[5] *See* 28 U.S.C. § 1332(c)(1).

## II. The amount in controversy exceeds the jurisdictional requirement of this Court.

13.

Consistent with Louisiana law, Plaintiffs do not specify a numerical dollar amount in the Petition.[6] The Fifth Circuit has instructed that the removing defendant may establish the required amount in controversy by showing that it is "facially apparent" that the plaintiffs' claims are likely to exceed $75,000, exclusive of interest and costs.[7] Upon reviewing a petition that seeks an unspecified amount of damages, as required in state court, district courts within the Fifth Circuit consider the type of injuries alleged and the type of damages requested to determine whether it is facially apparent that the jurisdictional amount in controversy is satisfied.[8] Alternatively, the removing defendants are permitted to set forth facts in controversy that support the finding that the requisite jurisdictional amount is in controversy.[9]

14.

Based on decedent Guidry's injuries, death, and the damages that Plaintiffs allege on behalf of themselves in the state court Petition for Damages, it is facially apparent that the "matter in controversy exceeds the sum or value of $75,000."[10]

15.

---

[6] La. Code Civ. Pro. art. 893(A)(1); *See, e.g.*, *Trahan v. Drury Hotels Co., LLC*, No. CIV.A. 11-521, 2011 WL 2470982, at *2 (E.D. La. June 20, 2011) (noting that the amount in controversy requirement is "complicated by the fact that Louisiana law prohibits plaintiffs from specifying the numerical value of the damages claim.").

[7] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (holding that on the face of a complaint for personal injury damages, the plaintiff's claims satisfied the $75,000 amount in controversy requirement).

[8] *See Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding that it was facially apparent from the plaintiff's complaint that the amount in controversy was satisfied where the plaintiff alleged damages for mental anguish, suffering, loss of wages, and medical expenses); *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850-851 (5th Cir. 1999); *Trahan*, 2011 WL 2470982, at *5 (E.D. La. June 20, 2011); *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226 (5th Cir. 2002)).

[9] *See, e.g.*, *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003) (holding that when it is not facially apparent that the monetary requirement is satisfied, the defendants may establish federal jurisdiction by alleging facts—either in the petition for removal or by affidavit—that support a conclusion that the amount in controversy requirement is satisfied).

[10] *See* 28 U.S.C. § 1332(a); *See also Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1057 (5th Cir. 2022).

The Petition alleges that Decedent Guidry incurred "severe personal injuries" and subsequent death as result of negligence and Stryker's design and warnings regarding the Power-Pro XT cot.[11] The Plaintiffs are Decedent Guidry's surviving children and one grandchild representing his mother, June G. Frazier, Decedent Guidry's daughter.[12] Plaintiffs assert a survival action for Decedent Guidry's "serious personal injuries" sustained in the incident and a wrongful death action for their resulting loss of society and mental anguish caused by his death.[13]

16.

The Petition makes claims for (1) Decedent Guidry's medical expenses, funeral expenses, physical pain and suffering prior to his death, and (2) the mental anguish, and damages for the Plaintiffs' loss of love and affection, society, and companionship due to the death of their father, Early Joseph Guidry.[14]

17.

In the instant case, the Petition states that on September 2, 2021, the Power-Pro XT cot "failed to perform and/or malfunctioned and fell over," and that Decedent Guidry was confined to the cot, causing "severe personal injuries" and his subsequent death.[15]

In lawsuits asserting survival and wrongful death claims, it is facially apparent that the amount in controversy is met.  For example, n *De Aguilar v. Boeing Co.*, the Fifth Circuit found that it was "facially apparent that claims for 'wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses' exceeded" the jurisdictional amount, even though the complaint did not specify an amount of damages and the plaintiffs' attorney had submitted an

---

[11] Ex. A, Pet.; ¶ 4, 10.
[12] Ex. A, Pet.; ¶ 1.
[13] *See generally* Ex. A; Pet.
[14] Ex. A, Pet.; ¶ 11.
[15] Ex. A, Pet.; ¶ 3.

affidavit stating that no plaintiff's damages exceeded the jurisdictional threshold.[16] In *Robertson v. Exxon Mobil Corp.*, the Fifth Circuit cited its prior holding in *De Aguilar*, explaining that the "common-sense inferences" drawn and applied by the *De Aguilar* court supported the finding that the amount in controversy was facially apparent in a wrongful death action and that district courts reviewing a request for removal from state court should apply such inferences.[17]

18.

Similar to the facts alleged in the Petition, in *Menendez v. Wal-Mart Stores, Inc.*,[18] the Fifth Circuit found that upon the death of the decedent and allegations that the defendants were negligent in the "design, build, construction, and supervision of the premises and/or the JLG lift," the surviving family member's requests for damages for "mental pain and suffering" established that the jurisdictional amount in controversy was facially apparent. The Plaintiffs in this case request damages for their own mental pain and suffering upon the death of their father.[19] This Court has held that a wrongful death claim and the related damages are "intuitively larger" than other types of civil claims, noting that the nature of a wrongful death action includes, *inter alia*, loss of companionship, and funeral expenses.[20] As the Plaintiffs in this case allege the same losses as the *Menendez* plaintiffs, it is facially apparent than the multiple allegations of liability and damages sought in the Petition surpass the jurisdictional requirement of $75,000.

19.

Additionally, Defendants have learned that Decedent Guidry was present in St. Tammany Parish only because he had been evacuated from the path of Hurricane Ida. It was during this

---

[16] *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993).
[17] *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).
[18] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 67 (5th Cir. 2010).
[19] Ex. A, Pet.; ¶ 11.
[20] *Printworks, Inc. v. Dorn Co.*, 869 F. Supp. 436, 439-440 (E.D. La. 1994).

evacuation that he was transported in the Power-Pro XT cot to the Lakeview Regional Medical Center. In cases involving deaths related to the Hurricane evacuations of an elderly parent, the Louisiana Fourth Circuit Court of Appeal affirmed awards of $125,000 to each of the adult children of an elderly parent who died during a hurricane evacuation.[21]

20.

Under extremely similar facts to the instant case, in *Norfleet v. Lifeguard Transp. Serv., Inc.*,[22] the Louisiana Fourth Circuit found that the jury committed *legal error* by not awarding the adult children wrongful death damages of at least $75,000. The *Norfleet* decedent was in a nursing home van when her wheelchair flipped backwards on the drive home from a medical appointment, and similar to Decedent Guidry, fell off of a stretcher and struck her head while being transported by a medical transportation service. After reviewing the record, the court rendered judgment, awarding the adult children of the decedent $75,000 each.[23]

21.

Louisiana courts have demonstrated that wrongful death awards to major children for the death of an elderly parent may reach $150,000 per child.[24] Importantly, the Louisiana Second Circuit Court of Appeal has noted that awards to major children have increased, as the court would be "remiss in not factoring in inflationary scales that affect every aspect of our lives."[25] It is well established under Louisiana law that that claims for wrongful death and survival actions facially establish that the amount in controversy exceeds the jurisdictional threshold required for removal.

---

[21] *Robinette v. Lafon Nursing Facility* 2015-1363 (La. App. 4 Cir. 6/22/17), 223 So. 3d 68, 88.
[22] 2005-0501, p. 13 (La. App. 4 Cir. 5/17/06), 934 So.2d 846, 856.
[23] *Id.*, 2005-0501, p. 15, 934 So.2d at 857.
[24] *Brodtmann v. Duke*, 96–0257 (La. App. 4 Cir. 2/11/98); 708 So.2d 447 (award of general damages of $500,000 to widow and $150,000 to each of decedent's three adult children, although high, was not abuse of discretion).
[25] *Gordon v. Willis Knighton Med. Ctr.*, 27,044 (La. App. 2 Cir. 6/21/95), 661 So. 2d 991, 1000, *writ denied*, 95-2776 (La. 1/26/96), 666 So. 2d 679, *and writ denied*, 95-2783 (La. 1/26/96), 666 So. 2d 679.

22.

Furthermore, Plaintiffs fail to allege in the Petition that the amount of damages sought is less than the requisite jurisdictional amount, as required by La. Code Civ. Pro. Art. 893(A)(1). While the absence of such an allegation does not *by itself* establish the jurisdictional amount, the Louisiana district courts have recognized that "this omission is entitled to some consideration in the jurisdictional amount inquiry."[26]

23.

Therefore, based on the nature of the injuries alleged, Decedent Guidry's ultimate death, the various emotional damages claimed within Plaintiffs' Petition, and Louisiana precedent awarding adult children substantial damages, it is facially apparent at the time of filing and removal that the amount in controversy exceeds the jurisdictional amount. Accordingly, Defendants assert that the alleged wrongful death and survival claims place in controversy an amount in excess of $75,000, exclusive of interest and costs, satisfying the amount in controversy required under 28 U.S.C. § 1441(b) and §1332(b). As such, this Court has original jurisdiction over this matter.

### III. Defendant Stryker has satisfied all procedural requirements for removal.

24.

The United States District Court for the Eastern District of Louisiana is the federal district encompassing St. Tammany Parish, Louisiana, where this suit is currently pending.[27] This Court is the proper venue for this case, as the Eastern District is the "district and division embracing the place where such [state] action is pending."[28]

---

[26] *Trahan*, 2011 WL 2470982, at *5 (E.D. La. June 20, 2011) (citing *Ford v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009)) (noting, "all three district courts within Louisiana have addressed the issue, and for the most part consistently recognize 'that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy,' but that this omission is entitled to some consideration in the jurisdictional amount inquiry.").
[27] *See* 28 U.S.C. § 98(b); Ex. A., Pet.
[28] 28 U.S.C. § 1441(a).

25.

The filing of this Notice of Removal is timely because it was filed within thirty (30) days of Stryker's receipt of the initial pleading setting forth the Plaintiffs' claims for relief in the State Case Petition by certified mail on August 29, 2022.[29]

26.

With this Notice, Stryker is filing a certified copy of all pleadings and orders served upon them in the State Case as Exhibit "A," and a certified copy of process as Exhibit "B."[30] In addition, written notice is being provided to all adverse parties, and a copy of this Notice is being filed with the Clerk of the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.[31]

WHEREFORE, Stryker hereby gives notice that the proceeding bearing Case No. 2022-13613 on the docket of Division "E" in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana is removed to the docket of this Court for trial and determination as provided by law. Stryker asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

**IRWIN FRITCHIE URQUHART & MOORE LLC**

*/s/ Mary Britton*
MARY BRITTON (La. #36812)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
T: (504) 310-2100
F: (504) 310-2101

***Counsel for Stryker Corporation***

---

[29] Ex. A, Affidavit of Service.
[30] 28 U.S.C. §§ 1446(a), (d).
[31] 28 U.S.C. § 1446(d).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 23rd day of September 2022.

*/s/ Mary Britton*